```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **EDDIE RELIFORD**, | |
| Plaintiff, | Case No. 10 C 3555 |
| v. | |
| | Hon. Harry D. Leinenweber |
| **DR. GHOSH**, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Eddie Reliford (hereinafter, the "Plaintiff"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights by being deliberately indifferent to a serious medical condition. More specifically, Plaintiff alleges that in August 2009, he hurt his ankle on the yard at Stateville Correctional Center (hereinafter, "Stateville"), and received inadequate or delayed medical care from Defendants.

On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff had stated a claim under the Civil Rights Act, 42 U.S.C. § 1983 as to all Defendants for deliberate indifference to a serious medical condition. *See* ECF Doc. #5. Presently before the Court are three motions to dismiss: (1) a Motion filed by Medical Technician Sheehy, Assistant Warden Hosey, Correctional Officer Downs, and Warden Ramos, all employees of the

Illinois Department of Corrections at the time in question (*See* ECF Doc. #18); (2) a Motion filed by Medical Director, Dr. Ghosh and Wexford C.E.O. Kevin Halloran *(See* ECF Doc. #28); and (3) a Motion filed by Allen Karraker, regional director of Wexford (*See* ECF Doc. #33). For the reasons stated in this order, Defendants' Motions to Dismiss are granted in part and denied in part.

## I. **LEGAL STANDARD**

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thomson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)(quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and

drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## II. BACKGROUND

Plaintiff alleges the following facts in his Complaint, which are accepted as true for purposes of the motion to dismiss. In August of 2009, he hurt his ankle on the yard at Stateville. Defendant Sheehy ("Sheehy"), the correctional medical technician, looked at his ankle and determined that Plaintiff did not need to see a doctor. Instead he gave him a crutch and some ice and told him to keep pressure on it for twenty-four hours. Sheehy gave Plaintiff nothing for pain. The next day Plaintiff's ankle had swelled to three times its normal size. Plaintiff asked Defendant Downs ("Downs"), a correctional officer, if he could see the medical technician, and Downs refused. Plaintiff found a lieutenant and asked to see medical personnel, and the lieutenant took him down to the bull pen to wait to be taken to the health care unit. Downs told the lieutenant that the medical technician had reported that Plaintiff did not need further medical treatment. Plaintiff wrote to Defendants Hosey ("Hosey")(Assistant Warden), Ramos ("Ramos")(Warden) and Dr. Ghosh ("Ghosh")(Medical Director) on August 14, 2009, August 16, 2009, and August 19, 2009, about his need for, and inability to

obtain, medical care.  Plaintiff also prepared sick call slips to attempt to be seen by a doctor at Stateville.

On August 18, 2009, Plaintiff had his ankle x-rayed.  On August 20, 2009, Plaintiff saw a physician's assistant who prescribed crutches, an ankle brace, and time in the Health Care Unit, so Plaintiff could stay off of his ankle.  On November 6, 2009, Plaintiff was sent to University of Illinois at Chicago Hospital ("UIC"), where he was told that he had suffered a fracture in his ankle.  The doctor at UIC prescribed a brace for Plaintiff's ankle that would act like a cast.  Plaintiff did not receive the brace until February 2010.  In the meantime, Plaintiff filed a grievance.  The response he received was that the facility was awaiting Dr. Ghosh's approval.  Plaintiff wrote to Defendants Halloran ("Halloran") and Karreker ("Karreker") three times and never received a response.  Plaintiff contends that Dr. Ghosh, in conjunction with Wexford Health Source, Inc., is implementing a policy of delaying treatment to inmates at Stateville in order to save money.

Sheehy, Downs, Hosey, and Ramos filed a motion to Dismiss, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6), alleging that they were not deliberately indifferent to Plaintiff's serious medical condition. Ghosh and Halloran filed a Motion to Dismiss, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6), alleging that they were not personally involved in Plaintiff's care, that Plaintiff is alleging a disagreement with treatment, not deliberate indifference, and that Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Karraker

filed a Motion to Dismiss that is virtually identical to the one filed by Ghosh and Halloran.

### III. DISCUSSION

#### A. Plaintiff has Adequately Stated a Claim for Deliberate Indifference as to Sheehy and Downs, but not as to Hosey and Ramos.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also, Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897, 117 S.Ct. 244, 136 L.Ed.2d 173 (1996). An official is deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 842.

The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim. Deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," *Cavalieri*

*v. Shepard*, 321 F.3d 616, 624 (7th Cir. 2003), as well as by no action at all.

Plaintiff alleges in his Complaint that Sheehy misdiagnosed his fractured ankle, told Downs that Plaintiff did not need to see a doctor, and failed to give him any pain medication in spite of Plaintiff's complaint about the severity of the pain. With respect to Downs, Plaintiff alleges that he denied Plaintiff access to a doctor on two separate occasions, in spite of his injury and complaints about pain. Plaintiff further alleges that he spoke to Lieutenant Bishop who took him to the bull pen to await transport to the health care unit, and Downs interfered, telling the Lieutenant that Plaintiff did not need to see a doctor. Construing the allegations liberally, as the Court must, Plaintiff has adequately alleged deliberate indifference as to Sheehy and Downs, and as to them, the Motion to Dismiss is denied.

With respect to Hosey and Ramos, Plaintiff has pled himself out of Court. A plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). When a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002); *citing Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

Plaintiff attaches to his Complaint a grievance dated August 27, 2009, in which he specifies that his injury occurred on August 13, 2009. He alleges that he wrote to Hosey and Ramos on August 14, 2009, August 16, 2009, and August 19, 2009. He further alleges that he received an x-ray on his ankle on August 18, 2009, and saw a physician's assistant on August 20, 2009, who prescribed an ankle brace, crutches, and a lay-in at the health care unit so he could stay off of his ankle. According to Plaintiff's pleading and attachment, by the time Hosey and Ramos would have become aware of his issues regarding medical care, he had already received x-rays and treatment. Consequently, they could not have been subjectively deliberately indifferent to his serious medical condition. Hosey and Ramos are dismissed as Defendants.

### B. Plaintiff has Stated an Individual Capacity Claim Against Ghosh, Halloran, and Karraker.

Ghosh, Halloran, and Karraker have filed Motions to Dismiss arguing that they had no personal involvement in Plaintiff's medical treatment, so cannot be liable for any deliberate indifference. In order to establish individual liability against a Defendant in an action brought pursuant to 28 U.S.C. § 1983, Plaintiff must allege that he was personally involved in the alleged constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in any alleged constitutional violations. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005)(citations omitted).

Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt*, 347 F.3d 1014, 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

A prison official, put on notice of a constitutional violation by a prisoner's communication, may or may not be potentially liable, depending upon whether, among other things, the official had responsibility for correcting the problem, had authority to correct it, or reasonably relied on someone else to do so. *See, e.g., Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)("a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition").

Although Halloran and Karraker are not prison officials, they are executives for Wexford Health Source, Inc., the health care provider for the Illinois Department of Corrections. A private corporation acting under the color of state law is treated as a municipal entity for purposes of § 1983. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). As such, they can be treated as "officials" for purposes of analyzing their action or inaction regarding deliberate indifference to medical care.

Plaintiff alleges that when he was sent to UIC Hospital in November 2009, he was prescribed a brace for the fracture to his ankle. Plaintiff pleads that he did not receive the brace until February 2010. He also alleges that he filed multiple grievances and sent multiple letters to Halloran and Karraker notifying them that he had not received his brace, in the interim. The counselor's response on the grievances attached to Plaintiff's Complaint, indicate that Plaintiff had not received the prescribed brace because Ghosh had not yet approved it. Plaintiff has adequately pled that Ghosh was deliberately indifferent to a serious medical condition.

Plaintiff pleads that Halloran and Karraker held positions of authority at Wexford Health Source, Inc. ("Wexford"). Wexford is the contract medical services provider for the Illinois Department of Corrections. Plaintiff alleges that he sent multiple letters to each of Halloran and Karraker, notifying them of his inability to procure the brace that he had been prescribed for his ankle, and that they never responded. Pursuant to the rulings in *Reed* and *Vance*,

Plaintiff has adequately pled a cause of action for deliberate indifference as to Halloran and Karraker. While the Court expresses no opinion as to the ultimate merits of Plaintiff's claim, because he may be able to present sufficient evidence to prove that Halloran and Karraker were factually deliberate indifferent to Plaintiff's serious medical condition, the Court must allow this claim to go forward.

### C. Plaintiff has Adequately Stated a Claim Against Ghosh, Halloran and Karraker in their Official Capacity.

Plaintiff alleges in his Complaint that Ghosh, Halloran and Karraker, along with Wexford Health Source, Inc. has "procedures in play to delay treatment, denie *[sic]* [and] cut corners to save money on medical treatments." *See* Plaintiff's complaint, p. 10. Plaintiff is alleging an official capacity claim against these defendants.

In order to state an official capacity claim Plaintiff must allege a custom, policy or practice that effectively caused or condoned the alleged constitutional violation. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). The Seventh Circuit has held that a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). The policy must be the direct cause or moving force behind the constitutional deprivation. *Id.* While

Plaintiff has not identified any other person who was a victim of the allegedly unconstitutional policies, he does, as described above, allege that these practices constitute an ongoing custom, policy, or practice that harms inmates. *See Garrett v. Dart,* Case No. 09 C 1398, 2010 U.S. Dist. LEXIS 53335, *12 (N.D. Ill. May 26, 2010)(Dow, J.); *see also, Sivard v. Pulaski County*, 17 F.3d 185 at 187; *Frieri v. City of Chicago*, 127 F.Supp.2d 992, 995 (N.D. Ill. 2001).

Plaintiff's Complaint more than adequately states a policy that was the direct cause or moving force behind what he alleges is constitutionally inadequate medical care. Plaintiff's pleading satisfies the requirements of Fed. R. Civ. P. 8(a) and the notice pleading requirements established by the United States Supreme Court and has satisfactorily pled a claim for deliberate indifference against Wexford. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Consequently, Plaintiff has stated an official capacity claim against Ghosh, Halloran, and Karraker.

### D. Plaintiff has adequately Pled Exhaustion of his Administrative Remedies.

Ghosh, Halloran, and Karraker's final argument in their Motions is that Plaintiff failed to exhaust his administrative remedies, prior to filing suit because he did not name them in his grievances. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a

prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

An inmate must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

The Wexford Defendants misstate the law in arguing that Plaintiff was required to name every individual involved in each stage of the alleged, ongoing denial of needed medical care. "[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object

intelligibly to some asserted shortcoming." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004), *quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). In the case at bar, Plaintiff's grievance "served its function of alerting the state and inviting corrective action." *See Riccardo*, 375 F.3d at 524. Therefore, Plaintiff is entitled to a decision on the merits of his constitutional claim. *Id*. Ghosh, Halloran, and Karraker's Motions to Dismiss on grounds of non-exhaustion are denied.

### IV.  CONCLUSION

For the reasons stated herein, the Motion to Dismiss of Defendants Sheehy, Downs, Hosey and Ramos is granted in part and denied in part. Defendants Hosey and Ramos are dismissed as Defendants. The Motions to Dismiss of Defendants Ghosh, Halloran, and Karraker are denied. Defendants Sheehy, Downs, Ghosh, Halloran, and Karraker are given (thirty) 30 days to answer Plaintiff's Complaint, or otherwise plead.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 8/19/2011